## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SSC Parking, LLC,<br>            Plaintiff<br><br>RAPPID, LLC, James Rosenberg<br>and NEO3, LLC,<br>            Defendants | CIVIL ACTION<br><br>NO. _____ OF 2017 |

## COMPLAINT

Plaintiff, SSC Parking, LLC ("SSC") by and through its counsel, Rosenn, Jenkins & Greenwald, L.L.P., hereby complains of the Defendants, Rappid, LLC ("Rappid"), Jim Rosenberg ("Rosenberg") and NEO3, LLC, ("NEO3) as follows:

### Introduction

This is an action for breach of contract and to recover monies paid to Defendants for defective mobile applications, a defective website and a defective database.

### The Parties

1. Plaintiff, SSC Parking, LLC, is a limited liability company organized and

915233.1

existing under the laws of the State of Pennsylvania with a business address at Two Penn Center, Suite 200, Philadelphia, PA 19102. None of the members of SSC Parking, LLC are citizens of Ohio.

2. Upon information and belief, Defendant, RAPPID, is a limited liability Company organized and existing under the laws of the State of Ohio with a registered address of James Rosenberg, 25 Botsford Street, Poland, Ohio 44514. Upon information and belief, none of the members of RAPPID are citizens of Pennsylvania.

3. Upon information and belief, Defendant, Rosenberg, is an adult individual, residing at 25 Botsford Street, Poland, Ohio 44514.

4. Upon information and belief, Defendant, NEO3, is a limited liability company organized and existing under the laws of the State of Ohio with a registered address of Gina A. Richardson, Esquire, 73 North Broad Street, Canfield, Ohio 44406. Upon information and belief, none of the members of NEO3 are citizens of Pennsylvania.

## Jurisdiction and Venue

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship between Plaintiff, SSC and Defendants, Rappid, Rosenberg and NEO3 and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

915233.1

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

**Factual Background**

7. On or about June 21, 2013, SSC entered into an agreement with Defendants for the development and purchase of mobile applications and for the development of a website and database, all of which would facilitate and support valet parking at Plaintiff's business in Philadelphia, Pennsylvania.

8. The mobile applications and website were to be developed within the 4-6 month time period set forth in the agreement.

9. Defendants failed to meet the time frame set forth in the agreement due to delays of their own making and, accordingly, other competitive mobile applications have been developed and have made the applications developed by Defendants obsolete where Defendants' problematic design lags behind the competition.

10. The purchase price for the mobile applications, website and database was $75,000.00, payable over six months, payable twice per month in the amount of $6,250.00 and was fully paid by Plaintiff.

11. At all times relevant to this action, Defendant, Rappid, was engaged in the business of designing, developing, manufacturing, supplying, distributing and selling of mobile applications, websites and databases, including the mobile

applications, website and database which are reflected in the agreement entered into between the parties on June 21, 2013.

12. At all times relevant to this action, Defendant, Rosenberg, was engaged in the business of designing, developing, manufacturing, supplying, distributing and selling of mobile applications, websites and databases, including the mobile applications, website and database which are reflected in the agreement entered into between the parties on June 21, 2013.

13. At all times relevant to this action, Defendant, NEO3, was engaged in the business of designing, developing, manufacturing, supplying, distributing and selling of mobile applications, websites and databases, including the mobile applications, website and database which are reflected in the agreement entered into between the parties on June 21, 2013.

14. On June 21, 2013, Defendants, owned, controlled or possessed the aforesaid mobile applications, website and database which was purchased new by Plaintiff from Defendants.

15. On or about January/February 2015, Plaintiff began use and testing of the mobile applications, website and database in connection with its parking business.

16. In early 2015, Plaintiff had a release party during which the mobile

applications crashed in the presence of Plaintiff's many business guests and potential clients causing Plaintiff substantial lost profits and damages including the $2,500 cost of the release party.

17. From the beginning, the mobile applications did not function properly. They had limited functionality for iPhone devices and no functionality for Android devices. Further, the website had extremely limited functionality rendering it useless.

18. In ongoing correspondence between the parties during 2015, Plaintiff continued to apprise Defendants of the difficulties and defects in the mobile applications, website and database and Defendants continued to promise that they would correct the defects, but the defects were not corrected.

19. During 2015, Plaintiff was forced to engage a third party to review the mobile applications at a cost of $15,000.00. It was determined that the design was defective and the applications needed to be designed anew because of the numerous defects.

20. In correspondence to Defendants dated January 27, 2016, Plaintiff requested that Defendants refund the $75,000.00 Plaintiff had paid for the defective mobile applications, website and database.

21. Defendants have refused to refund the monies received from Plaintiff.

22. Rosenberg personally participated in the tortious and unlawful conduct

which is the subject of this Complaint and is, therefore, personally liable for the same.

23. It is believed and, therefore, averred that Rosenberg's "relationship" with Rappid and NEO3 is both expansive and fluid and that he holds/held, or purports to hold/have held various offices or titles with these companies.

24. Upon information and belief, it will become apparent during discovery in this matter, that the affairs of the Defendants are intertwined to the extent that the corporate veils of Rappid and NEO3 must be pierced.

## COUNT I
## BREACH OF CONTRACT
### SSC Parking, LLC v. Rappid, LLC, James Rosenberg and NEO3, LLC

25. SSC repeats and incorporates the allegations in paragraphs 1 through 24 above as if set forth more fully herein.

26. The agreement is a binding and enforceable contract containing mutually exchanged promises supported by adequate consideration.

27. At all times relevant to this action, SSC performed all of its obligations under the agreement by paying to Defendants $75,000.00 in exchange for the mobile applications, website and database.

28. Despite SSC's complaints to Defendants that the mobile applications,

website and database were not working properly, Defendants failed to correct the defects.

29.  Defendants failed to meet the time frame set forth in the agreement due to delays of their own making, and, accordingly, other competitive mobile applications have been developed and have made the applications developed by Defendants obsolete where Defendants' problematic design lags behind the competition.

30.  Despite SSC's demands to Defendants that they refund the $75,000.00 SSC paid for the mobile applications, website and database development, Defendants have not refunded the $75,000.00.

31.  Defendants are contractually obligated to return the $75,000.00, where they failed to deliver working mobile applications, and a working website and database in the time frame set forth in the agreement.

WHEREFORE, Plaintiff, SSC Parking, LLC, respectfully requests that this Honorable Court enter judgment in its favor and against Defendants, Rappid, LLC, Jim Roseberg and NEO3, LLC in an amount in excess of Seventy-Five Thousand and 00/100 ($75,000.00) Dollars, plus interest, costs, and such other relief this Honorable Court deems just and appropriate.

## COUNT II
## UNJUST ENRICHMENT
**SSC Parking, LLC v. Rappid, LLC, James Rosenberg and NEO3, LLC**

32. SSC incorporates Paragraphs 1 through 31 herein by reference as if more fully set forth at length.

33. Defendants received the benefit of the $75,000.00 paid by SSC.

34. Defendants have been unjustly enriched by their receipt of the $75,000.00 From SSC to the detriment of SSC where no corresponding benefit was given by Defendants to SSC.

35. Despite SSC's demands, Defendants have refused and continue to refuse to Pay the sum due and owing to SSC, which is an amount in excess of $75,000.00 dollars plus interest.

WHEREFORE, Plaintiff, SSC Parking, LLC, respectfully requests that this Honorable Court enter judgment in its favor and against Defendants, Rappid, LLC, James Rosenberg and NEO3, LLC in an amount in excess of Seventy-Five Thousand and 00/100 ($75,000.00) Dollars plus interest, costs, and such other relief this Honorable Court deems just and appropriate.

## COUNT III
## PIERCE CORPORATE VEILS OF RAPPID, LLC and NEO3, LLC

36. The averments of paragraphs 1 through 35 are herein incorporated by

915233.1

reference as is fully set forth at length herein.

37. James Rosenberg dominates and controls both Rappid and NEO3, and to such an extent that these companies are merely his alter ego.

38. The veils of Rappid and NEO3 must be pierced and Rosenberg held personally and individually liable for the harm and damage to Plaintiff described herein.

39. It is believed and, therefore, averred that additional facts will come to light during discovery in this matter that support a finding that the corporate veils of Rappid and NEO3 should be pierced and Rosenberg held personally and individually liable to Plaintiff, SSC.

WHEREFORE, the Plaintiff, SSC Parking, LLC, demands judgment in its favor and against Defendant, James Rosenberg, in an amount in excess of Seventy-Five Thousand and 00/100 ($75,000.00) Dollars, together with interest, costs, and such other relief as the Court deems appropriate and just.

## COUNT IV
## FRAUD/ FRAUD IN THE INDUCEMENT

**SSC Parking, LLC v. Rappid, LLC, James Rosenberg and NEO3, LLC**

40. SSC incorporates paragraphs 1 through 39 herein by reference as if more fully set forth at length.

41. Rappid, Rosenberg and NEO3 intentionally engaged in a pattern of fraud

and deceit by making certain promises and representations to SSC, as more fully set forth herein, for the express purpose of inducing SSC to believe that Defendants would deliver working mobile applications, and a working website and database and would correct any problems with the same, in exchange for the monies paid by SSC.

42. The above-stated promises and representations concerned material facts in that SSC would not have entered into the agreement with Rappid, Rosenberg and NEO3 for the mobile applications, website and database if they could not develop and provide same, and correct any problems, within the time frame set forth in the agreement.

43. Upon information and belief, Rappid, Rosenberg and NEO3 did not honor the above-stated promises and representations they made to SSC.

44. Rappid, Rosenberg and NEO3 deliberately induced SSC to continue making payments toward the purchase price of the mobile applications, website and database until the purchase price was paid in full.

45. SSC's reliance on the intentional misrepresentations of Rappid, Rosenberg and NEO3 was reasonable and justified.

46. SSC suffered substantial damages as more fully set forth herein as a result of the intentional fraudulent conduct of Rappid, Rosenberg and NEO3.

WHEREFORE, SSC Parking, LLC, respectfully requests that this Honorable Court enter judgment in its favor and against Rappid, LLC, James Rosenberg and NEO3, LLC, in an amount in excess of Seventy-Five Thousand and 00/100 ($75,000.00) Dollars, plus, interest, costs and any other such relief as this Honorable Court deems just and appropriate.

ROSENN, JENKINS & GREENWALD, L.L.P.

_____
ROBERT D. SCHAUB, ESQUIRE
Atty. I.D. No. 42466
15 S. Franklin Street
Wilkes-Barre, PA  18711
570-826-5652
rschaub@rjglaw.com

Attorneys for Plaintiff, SSC PARKING, LLC

915233.1